UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:13-cv-08430-CAS-PJWx | Date | February 7, 2014 |
|---|---|---|---|
| Title | PALM DELUXE PARTNERS LP V. EDWAR BARSEGHIAN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants

Not present                                               Not present

**Proceedings:**     **(In Chambers:)** ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT

## I.   INTRODUCTION AND BACKGROUND

On September 11, 2013, plaintiff Palm Deluxe Partners LP filed an unlawful detainer action in Los Angeles County Superior Court against defendants Edwar Barseghian and Anoush Haroutiounian. Defendants filed a notice of removal in this Court on November 14, 2013, on the grounds that a federal question exists under the under 42 U.S.C. §§ 1981-82. Dkt. #1.

On January 6, 2014, the Court ordered defendants to show cause on or before January 27, 2014, why this action should not be dismissed for lack of subject matter jurisdiction. Dkt. #5. To date, defendants have not responded to the order to show cause. For the reasons explained below, it appears that this Court lacks subject matter jurisdiction over this case, and therefore this case is remanded to the Los Angeles County Superior Court.

## II.   DISCUSSION

Whether a case arises under federal law is generally determined by the well-pleaded complaint rule. "[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." California Shock Trauma Air Rescue v. State Compensation Ins. Fund, 636 F.3d 538, 542 (9th Cir. 2011) (citations omitted). In addition, the law is clear that "[u]nlawful detainer actions are strictly within the province of state court." Federal Nat'l Mort. Assoc. v. Suarez, 2011 U.S. Dist. LEXIS 82300, at*6 (E.D. Cal. Jul. 27, 2011); Deutsche Bank

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-08430-CAS-PJWx | Date | February 7, 2014 |
| Title | PALM DELUXE PARTNERS LP V. EDWAR BARSEGHIAN, ET AL. | | |

Nat'l Trust Co. v. Leonardo, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). A defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal must fail. McAtee v. Capital One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).

Here, the only claim asserted by plaintiff is for unlawful detainer against defendants. See Dkt. #1. Unlawful detainer actions, as stated above, are pure matters of state law because they arise under Section 1161 of the California Code of Civil Procedure. See, e.g., McGee v. Seagraves, 2006 WL 2014142, at *2 (E.D. Cal. July 17, 2006). Accordingly, this Court has no jurisdiction over this action because a "right or immunity created by the Constitution or laws of the United States" does not constitute an essential element of plaintiff's cause of action. See California Shock Trauma, 636 F.3d at 542; McGee, 2006 WL 2014142, at *2 (holding that a federal court lacks jurisdiction over unlawful detainer actions). Defendants cannot create federal subject matter jurisdiction by attempting to raise a defense under 42 U.S.C. § 1981 or any other body of federal law. See McAtee, 479 F.3d at 1145. Accordingly, this Court appears to lack subject matter jurisdiction based on a federal question. Suarez, 2011 U.S. Dist. LEXIS 82300, at *6.

### III. CONCLUSION

In accordance with the foregoing, this case is hereby REMANDED to Los Angeles County Superior Court.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |